UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ANTHONY JOHNSON, #752401,

        Petitioner,

                              CASE NO. 2:12-CV-13997
v.                               HONORABLE GEORGE CARAM STEEH

KENNETH ROMANOWSKI,

        Respondent.
_____/

## ORDER DENYING MOTION TO HOLD HABEAS PETITION IN ABEYANCE

### I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Thomas Anthony Johnson ("Petitioner"), currently confined at the Macomb Correctional Facility, in New Haven, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, unarmed robbery, MICH. COMP. LAWS § 750.530, and unlawful imprisonment, MICH. COMP. LAWS § 750.349b, following a jury trial in the St. Clair County Circuit Court. He was sentenced to 18 ½ to 30 years imprisonment on the assault conviction and concurrent terms of 7 to 15 years imprisonment on the robbery and unlawful imprisonment convictions in 2010. In his current petition, he raises claims concerning a limitation on cross-examination, the effectiveness of trial counsel, the great weight/sufficiency of the evidence, the admission of victim photographs, and the scoring of the sentencing guidelines. Respondent has not yet filed an answer to the petition. The matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance so that he may return to the

state courts and exhaust additional issues. For the reasons that follow, the Court denies Petitioner's motion.

## II.

Petitioner's convictions arise from the assault, transportation, and robbery of another man in St. Clair County, Michigan on June 1, 2009. Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Johnson*, No. 296459, 2011 WL 1816461 (Mich. Ct. App. May 12, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Johnson*, 490 Mich. 892, 804 N.W.2d 329 (Oct. 24, 2011). Petitioner dated his federal habeas petition and his motion to hold the case in abeyance on September 4, 2012.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a

federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on October 24, 2011 and the time for seeking a writ of certiorari with the United States Supreme Court expired on January 22, 2012. Petitioner dated his federal habeas petition on

September 4, 2012. Thus, less than eight months of the one-year period had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that four months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Additionally, Petitioner has not identified the additional issues that he seeks to purse in the state courts. Consequently, this Court cannot determine whether those claims concern matters of federal law which do not appear to be plainly meritless. Given such circumstances, a stay is unwarranted.

### IV.

Accordingly, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

Dated: September 19, 2012

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Thomas Johnson #752401, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 on September 19, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk